IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

OCT 28 2010

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 1:10CR416 |
| ) | |
| MIGUEL SANTIAGO RAMIREZ, ) | |
| a/k/a Castor ) | |
| a/k/a Chilango ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Jonathan Fahey, Assistant United States Attorney, and Marc J. Birnbaum, Special Assistant United States Attorney, the defendant, MIGUEL SANTIAGO RAMIREZ, also known as Castor and Chilango, and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

### 1. Offense and Maximum Penalties

The defendant agrees to waive indictment and plead guilty to a single count criminal information charging the defendant with Transporting an Individual for Prostitution, in violation of Title 18, United States Code, Section 2421. The maximum penalties for this offense are 10 years of imprisonment, a fine of $250,000, full restitution, a special assessment, and 3 years of supervised release. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

1



## 2. Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

## 3. Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

- a. the right to plead not guilty and to persist in that plea;
- b. the right to a jury trial;
- c. the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and
- d. the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

## 4. Role of the Court and the Probation Office

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate

of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

## 5. Waiver of Appeal, FOIA and Privacy Act Rights

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum

described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

### 6. Waiver of DNA Testing

The defendant also understands that Title 18, United States Code, Section 3600 affords a defendant the right to request DNA testing of evidence after conviction. Nonetheless, the defendant knowingly waives that right. The defendant further understands that this waiver applies to DNA testing of any items of evidence in this case that could be subjected to DNA testing, and that the waiver forecloses any opportunity to have evidence submitted for DNA testing in this case or in any post-conviction proceeding for any purpose, including to support a claim of innocence to the charges admitted in this plea agreement.

### 7. Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

### 8. Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable

immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

## 9. Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the information or statement of facts.

## 10. Defendant's Cooperation

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government. In that regard:

- a. The defendant agrees to testify truthfully and completely at any grand juries, trials or other proceedings.

- b. The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

- c. The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

d. The defendant agrees that, at the request of the United States, the defendant will voluntarily submit to polygraph examinations, and that the United States will choose the polygraph examiner and specify the procedures for the examinations.

e. The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

f. The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

g. Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

## 11. Use of Information Provided by the Defendant Under This Agreement

The United States will not use any truthful information provided pursuant to this agreement in any criminal prosecution against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in Title 18, United States Code, Section 16). Pursuant to U.S.S.G. section 1B1.8, no truthful information that the defendant provides under this agreement will be used in determining the applicable guideline range, except as provided in section 1B1.8(b). Nothing in this plea agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony,

or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

**12. Defendant Must Provide Full, Complete and Truthful Cooperation**

This plea agreement is not conditioned upon charges being brought against any other individual. This plea agreement is not conditioned upon any outcome in any pending investigation. This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation. This plea agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This plea agreement is conditioned upon the defendant providing full, complete and truthful cooperation.

**13. Motion for a Downward Departure**

The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

**14. The Defendant's Obligations Regarding Assets Subject to Forfeiture**

The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets

owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1,000 that, within the last five years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

### 15. Forfeiture Agreement

The defendant agrees to forfeit all interests in any asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense. The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

### 16. Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise

the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct or substitute assets for property otherwise subject to forfeiture.

### 17. Impact of Guilty Plea on Immigration Status

The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to Transporting an Individual for Prostitution, removal is presumptively mandatory. Because removal and other immigration consequences are the subjects of a separate proceeding, the defendant understands that no one, including defendant's attorney or the District Court, can predict to a certainty the effect of the defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

### 18. Consent Given for Removal from the United States

The defendant acknowledges that the defendant is removable from the United States and agrees not to contest any removal proceedings brought against the defendant by the Department of Homeland Security (DHS). If the DHS files a Notice to Appear or other administrative charging document against the defendant, the defendant agrees to request an expedited removal

hearing and to consent to removal. The defendant acknowledges that by consenting to removal, the defendant will be immediately removed from the United States upon the completion of any period of incarceration. The defendant knowingly waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this removal.

## 19. Waiver of Rights Related to Removal from the United States

Except as provided in paragraph 20 below, the defendant agrees to waive the defendant's rights to apply for any and all forms of relief or protection from removal, deportation, or exclusion under the Immigration and Nationality Act (as amended) and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: (a) voluntary departure; (b) asylum; (c) withholding of deportation or removal; (d) cancellation of removal; (e) suspension of deportation; (f) adjustment of status; and (g) protection under Article 3 of the Convention Against Torture. <u>As part of this agreement, the defendant specifically acknowledges and states that the defendant has not been persecuted in, and has no present fear of persecution in, Mexico on account of race, religion, nationality, membership in a particular social group or political opinion. Similarly, the defendant further acknowledges and states that the defendant has not been tortured in, and has no present fear of torture in Mexico.</u>

## 20. Exception for Changed Circumstances Arising After Plea.

Nothing in this plea agreement shall prohibit the defendant from applying for asylum, withholding of removal, or protection under Article 3 of the Convention Against Torture, provided the application is based solely on changed circumstances arising after the entry of this plea but before the defendant's removal.

10

### 21. Abandonment of Pending Applications for Relief from Removal

The defendant agrees that upon entry of this plea agreement, the defendant abandons (1) any existing immigration benefit the defendant may hold, and (2) any application for relief from removal, deportation, or exclusion the defendant may have filed prior to the completion of this plea agreement. The defendant further agrees not to file or prosecute any application for relief from removal, deportation, or exclusion, either written or oral, before any federal court, the Board of Immigration Appeals, an immigration judge, or the Department of Homeland Security (DHS), prior to the defendant's removal from the United States, except that the defendant may apply for asylum, withholding of removal, or protection under Article 3 of the Convention Against Torture as provided in paragraph 20 of this plea agreement.

### 22. The Defendant's Cooperation in the Defendant's Removal

The defendant agrees to assist DHS in the execution of the defendant's removal. Specifically, the defendant agrees to assist DHS in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that the defendant's failure or refusal to assist DHS in the execution of the defendant's removal shall breach this plea agreement and may subject the defendant to criminal penalties under Title 8, United States Code, Section 1253.

### 23. Plea Agreement Binding for Purposes of Removal Proceedings.

The defendant agrees that the defendant intends the agreements contained in this plea agreement to be binding upon the defendant during any removal proceeding that may be instituted against the defendant as a result of this plea agreement. In particular, the defendant

acknowledges and agrees that the agreements concerning removal contained in the plea agreement were entered into by the defendant and the United States with the express understanding that the agreements are binding for purposes of any future removal proceeding before the Board of Immigration Appeals, an immigration judge, or DHS.

## 24. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a. The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the

defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

## 25. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any

modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Neil H. MacBride
United States Attorney

By: _____
Jonathan Fahey
Assistant United States Attorney

_____
Marc J. Birnbaum
Special Assistant United States Attorney

14

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 10/28/10

Miguel Santiago Ramirez
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 10/28/10

Michael Arif, Esq.
Counsel for the Defendant

15