IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:10CR416 |
| | ) | |
| MIGUEL SANTIAGO RAMIREZ, | ) | Sentencing Date: February 4, 2011 |
|     a/k/a "Castor," | ) | |
|     a/k/a "Chilango," | ) | The Honorable Claude M. Hilton |
| | ) | |
|     Defendant. | ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by its attorneys, Neil H. MacBride, the United States Attorney for the Eastern District of Virginia, Jonathan Fahey, Assistant United States Attorney, and Marc J. Birnbaum, Special Assistant United States Attorney, in accord with 18 U.S.C. § 3553 and the United States Sentencing Commission *Guidelines Manual* (Nov. 2010), files this Position of the United States with Respect to Sentencing. The United States asks the Court to sentence the defendant within the guidelines range of 10 to 16 months.

**I.     Sentencing Guidelines**

The defendant's offense level is 12 and his criminal history category is I, resulting in a properly calculated sentencing guidelines range of 10 to 16 months. In *United States v. Booker*, 543 U.S. 220, 264 (2005), the Supreme Court made clear that sentencing courts should "consult [the Sentencing] Guidelines and take them into account when sentencing." *See also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (2005) ("Justice Breyer's majority opinion in [*Booker*] sensibly teaches that the Sentencing Guidelines must still be taken into account pursuant to 18 U.S.C. § 3553(a) in fashioning an appropriate sentence.") The Supreme Court provided this

direction to promote the sentencing goals of Congress, namely to "'provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities[.]'" *Booker,* 543 U.S. at 264 (*quoting* 28 U.S.C. § 991(b)(1)(B)). The Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.
>
> *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

## II.    Section 3553 Factors

In assessing the appropriate sentence, the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant, and the need for the sentence imposed: "(A) to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1) and (2).

### A.    Nature and Circumstances of the Offense and History and Characteristics of the Defendant

The defendant operated a prostitution organization in the Culmore area of Fairfax County, Virginia, within the Eastern District of Virginia, for four years. Customers called the defendant to arrange appointments with prostitutes. The defendant then drove the prostitutes from Maryland to the customer's location in the Culmore area.

On October 11, 2010, the defendant met a prostitute at the Greyhound bus station in Washington, D.C. The defendant drove this individual to Culmore for prostitution. At the end

of the night, the defendant drove the prostitute to Maryland. Over the next three days, the defendant drove this same individual from Maryland to Virginia for prostitution.

This is the defendant's first criminal conviction. The defendant accepted responsibility for his conduct and entered a timely guilty plea. However, the defendant was illegally present in the United States at the time of his offense.

### B.     Unwarranted Sentencing Disparities

A sentence within the guidelines would not result in an unwarranted disparity. The only similarly situated defendant in this case was sentenced to 120 months in prison, as a result of employing a juvenile prostitute in a similar scheme.

### CONCLUSION

The defendant operated his criminal enterprise for four years. The defendant regularly brought prostitutes into Culmore. This offense resulted in a significant cost to community. To protect the public, deter future violations, and promote general deterrence, a sentence within the 10 to 16 month guidelines range is appropriate, reasonable and necessary.

Respectfully submitted,

Neil H. MacBride
United States Attorney

                /s/                
Jonathan Fahey
Assistant United States Attorney
Marc J. Birnbaum
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3982
jonathan.fahey@usdoj.gov
marc.birnbaum@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on January 21, 2011, I filed the foregoing Position of the United States with

Respect to Sentencing with the Clerk of the Court and sent a copy of such filing to:

Michael Arif, Esq.
Law Offices of Martin Arif & Greene
8001 Braddock Road, Suite 100
Springfield, Virginia 22151
(703) 323-1200
msa323@aol.com

                                              /s/
                                 Marc J. Birnbaum
                                 Special Assistant United States Attorney
                                 United States Attorney's Office
                                 Justin W. Williams U.S. Attorney's Building
                                 2100 Jamieson Avenue
                                 Alexandria, Virginia 22314
                                 Phone: (703) 299-3700
                                 Fax: (703) 299-3982
                                 Email:marc.birnbaum@usdoj.gov